Cheshire, }
June 5, 1923. }

### LEON M. WILLARD v. JOSEPH MADDEN (EUGENIE C. MADDEN, Ex'x).

BILL IN EQUITY, to restrain the defendant from retaining part of the proceeds from the sale of certain mortgaged real estate to reimburse him for loss sustained by reason of signing a note for another.

Trial by the court and decree for the defendant, to which the plaintiff excepted.

A bill of exceptions was allowed at the October term, 1922, of the superior court, by *Kivel*, C. J.

*William H. Watson*, for the plaintiff.

*Arthur Olson*, for the defendant.

*Per Curiam.* The defendant, at the request of one Ahern, signed with him a note payable to the Keene National Bank for four hundred dollars. On the same day Ahern gave the defendant his note for two hundred and twenty-five dollars, which was secured by a power of sale mortgage of even date upon his real estate. The condition of the mortgage was as follows: "Nevertheless the condition of the foregoing deed is such that if the grantor or his heirs, executors, administrators, or assigns, shall well and truly pay unto the grantee, Joseph Madden, or assigns, the sum of two hundred twenty-five dollars agreeable to — promissory note of that sum, of even date herewith, payable to said grantee, or order, on demand, with interest as therein provided, and shall also pay and save the said Joseph Madden free and harmless from any costs, loss, or expense by reason of said Madden having signed a promissory note of even date herewith for the said grantor to the Keene National Bank or

any renewal of said note, then this deed, as also said note, shall be void and of no effect, otherwise to remain in full force and virtue."

Upon demand of the bank the defendant paid to it four hundred and four dollars, in satisfaction of the note he signed with Ahern. The defendant duly foreclosed the power of sale mortgage for condition broken. With the proceeds of the sale, he paid the expenses of foreclosure, satisfied a prior mortgage and his own note for two hundred and twenty-five dollars, and then retained four hundred and four dollars to reimburse him for the amount he had paid the bank in satisfaction of the note he had signed with Ahern. This absorbed all the proceeds of the sale.

Before the foreclosure the plaintiff attached this mortgaged real estate in a suit against Ahern, and now contends that the defendant had no legal right to retain any part of the proceeds of the foreclosure sale to reimburse him for the amount he paid the bank in satisfaction of the note for four hundred dollars.

In the absence of a brief and oral argument in support of the plaintiff's exception, no reason occurs to the court why the verdict should be disturbed.

*Exception overruled.*